UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12-3109

Civ. Index No.: TOWNES, J.

| FREDERICO BARAVIERA, | |
|---|---|
| Plaintiff, | |
| - against - | |
| FOREST MALL, L.L.C., | |
| Defendant. | |

**VERIFIED COMPLAINT**

Trial By Jury Demanded

LEVY, M.

Plaintiff, FREDERICO BARAVIERA, by his attorneys, OKUN, ODDO & BABAT, P.C., as and for his Complaint, respectfully alleges, upon information and belief:

## THE PARTIES

1. The plaintiff, FREDERICO BARAVIERA, at all times herein mentioned was and still is a resident of the State of New Jersey.

2. The defendant, FOREST MALL, L.L.C., is a corporation organized under the laws of the State of New York, authorized to conduct business in the State of New York, with offices located at 100 Route 306, Monsey, New York 10952.

## JURISDICTION and VENUE

3. The plaintiff, FREDERICO BARAVIERA, is a resident of the State of New Jersey. The defendant, FOREST MALL, L.L.C., is corporation organized under the law of the State of New York. Furthermore, the matter in controversy exceeds the sum or value of $75,000.00. Thus, the above described action is a civil action which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §1332.

4. The venue lies in this District based upon 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

5. The defendant, FOREST MALL, L.L.C., at all times herein mentioned conducted and carried on business in the County of Richmond and the State of New York.

6. The defendant, FOREST MALL, L.L.C., at all times herein mentioned was and still is a partnership doing business in the County of Richmond and the State of New York.

7. The defendant, FOREST MALL, L.L.C., at all times herein mentioned was and still is a limited liability partnership doing business in the County of Richmond and the State of New York.

8. The defendant, FOREST MALL, L.L.C., at all times herein mentioned was and still is a limited liability corporation doing business in the County of Richmond and the State of New York.

9. The defendant, FOREST MALL, L.L.C., at all times herein mentioned was and still is a sole proprietorship doing business in the County of Richmond and the State of New York.

10. At all times herein mentioned, defendant, FOREST MALL, L.L.C., transacted business within the State of New York.

11. At all times herein mentioned, defendant, FOREST MALL, L.L.C., derived substantial revenue from goods used or consumed or services rendered in the State of New York.

12. At all times herein mentioned, defendant, FOREST MALL, L.L.C., expected or should reasonably have expected its acts to have consequences in the State of New York.

13. At all times herein mentioned, defendant, FOREST MALL, L.L.C., derived substantial revenue from interstate or international commerce.

14. On November 23, 2009, FREDERICO BARAVIERA, was lawfully upon defendant FOREST MALL, L.L.C.'s building, located at 1351 Forest Avenue, Staten Island, New York.

15. At all times herein mentioned, the defendant, FOREST MALL, L.L.C., was the owner of the building, located at 1351 Forest Avenue, Staten Island, New York.

16. At all times herein mentioned, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees operated the building located at 1351 Forest Avenue, Staten Island, New York.

17. At all times herein mentioned, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees maintained the building, located at 1351 Forest Avenue, Staten Island, New York.

18. At all times herein mentioned, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees managed the building, located at 1351 Forest Avenue, Staten Island, New York.

19. At all times herein mentioned, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees controlled the building, located at 1351 Forest Avenue, Staten Island, New York.

20. At all times herein mentioned, the defendant FOREST MALL, L.L.C., defendant's servants, agents and/or employees supervised the building, located at 1351 Forest Avenue, Staten Island, New York.

21. On or before November 23, 2009, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees, repaired the building, located at 1351 Forest Avenue, Staten Island, New York.

22. On or before November 23, 2009, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees, inspected the building, located at 1351 Forest Avenue, Staten Island, New York.

23. On or before November 23, 2009, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees constructed the building located at 1351 Forest Avenue, Staten Island, New York.

24. On or before November 23, 2009, the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees, designed the building, located at 1351 Forest Avenue, Staten Island, New York.

25. At all times herein mentioned, it was the duty of the defendant, FOREST MALL, L.L.C., defendant's servants, agents and/or employees, to maintain said building, located at 1351 Forest Avenue, Staten Island, New York, in a reasonably safe and suitable condition and in

good repair.

26. On or about November 23, 2009, plaintiff, FREDERICO BARAVIERA, was severely injured when he was caused to fall off of the loading dock at the rear of the defendant's building located at 1351 Forest Avenue, Staten Island, New York.

27. The plaintiff was caused to fall because the edge of the loading dock at said premises was in a dangerous, dilapidated, and otherwise unsafe condition. As a result of this condition and defendant's negligence, carelessness and recklessness, the loading dock crumbled, cracked and/or gave way under plaintiff's feet..

28. Solely as a result of the negligence, carelessness and recklessness of defendant, FOREST MALL, L.L.C., the plaintiff, FREDERICO BARAVIERA, was caused to suffer severe and serious personal injuries to mind and body, and was further subjected to great physical pain and mental anguish.

29. The aforesaid occurrence was caused by the negligence of the defendant, without any culpable conduct on the part of plaintiff, FREDERICO BARAVIERA.

30. By reason of the foregoing, plaintiff, FREDERICO BARAVIERA, was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and the plaintiff, FREDERICO BARAVIERA, will be permanently caused to suffer pain, inconvenience and other effects of such injuries; the plaintiff, FREDERICO BARAVIERA, incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and will be unable to pursue his usual duties with the same degree of efficiency as prior to this accident, all to his great damage.

31. This action falls within one or more of the exemptions set forth in Section 1602 of the Civil Practice Law and Rules.

32. Due to defendants' negligence, plaintiff is entitled to damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

33. Plaintiff demands a trial by jury.

**WHEREFORE**, the plaintiff demands judgment awarding damages in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with interest and the costs and disbursements of this action, and such other and further relief this Court deems just and proper.

Dated: New York, New York
June 14, 2012

                                            OKUN, ODDO & BABAT, P.C.

By: _____
                                        Eric M. Babat (EMB-5573)
                                        Attorneys for Plaintiff
                                        8 West 38th Street, 9th Fl.
                                        New York, New York 10018
                                        (212) 642-0950
                                        File: 9324

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDERICO BARAVIERA,<br><br>                              Plaintiff,<br><br>           - against -<br><br>FOREST MALL, L.L.C.,<br><br>                              Defendant. | Civ. Index No:<br><br>**VERIFICATION** |

STATE OF NEW YORK        )
                                         : ss.:
COUNTY OF NEW YORK   )

       The undersigned, an attorney admitted to practice in the Courts of New York, hereby affirms under all the penalties of perjury that affiant is ERIC M. BABAT, the attorney of record for the plaintiff of this within action; that affiant has read the foregoing COMPLAINT, knows the contents thereof; that the same is true to affiant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that those matters affiant believes to be true. Affiant further states that the reason this verification is made by affiant and not by plaintiff is that affiant maintains his office in a county other than the one in which plaintiff resides. The grounds of affiant's belief as to all matters not stated upon affiant's knowledge is as follows: Notes and papers in file and conversations with plaintiff.

Dated: New York, New York
       June 14, 2012

                                                    ERIC M. BABAT